UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEEL HARLEY, | Civil Action No. 22-4385 (SDW-LDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DIRECTOR ORTIZ, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about July 6, 2022, Plaintiff Jameel Harley, who alleges that he is a pretrial detainee confined in the Essex County Jail, filed a complaint raising civil rights claims pertaining to inadequate medical care that resulted in amputation of his left big toe. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis.* (ECF No. 1-1).

2. Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted pursuant to 28 U.S.C. § 1915(a).

3. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. The defendants to the complaint are Director Ortiz, Warden Cirillo, Nurse Administration, and Essex County Jail. Plaintiff alleges that from March 22, 2021 through August 2021, Defendants ignored his numerous complaints about the failure to perform his daily wound care and "failure of ongoing denial of medical care." As a result, Plaintiff's big toe on his left foot was amputated. For relief, Plaintiff seeks monetary damages. Because he seeks damages, this Court will construe his § 1983 claims against the defendants in their individual/personal capacities. *See, Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining distinction between personal and official capacity claims under § 1983).

7. "[V]icarious liability is inapplicable to … § 1983 suits[;] " therefore "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Where a plaintiff brings a claim against a supervisory official "'[t]here are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original).

8. Essex County Jail is not a "person" or a municipality that is subject to liability under 42 U.S.C. ¶ 1983. *See, Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (discussing "persons" liable under § 1983; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (same). This Court construes Plaintiff's claim against "Nurse Administration" as a claim against a medical department in Essex County Jail. The Court will dismiss the claim against Nurse

Administration because it is not a person. If Plaintiff wishes to bring a claim against a specific nurse or nurse supervisor, he may file an amended complaint against a person. Therefore, Plaintiff's Fourteenth Amendment due process claims for inadequate medical care against Essex County Jail and Nurse Administration will be dismissed with prejudice.

9. Plaintiff seeks to hold Director Ortiz and Warden Cirillo liable because they "are fully responsible for the medical dept. which is contracted for providing proper medical care for pretrial detainees." (ECF No. 1 at 4). There is no vicarious liability under § 1983. *Iqbal,* 556 U.S. at 676. Therefore, this allegation fails to state a claim.

10. To hold a supervisor liable under § 1983, a plaintiff must allege a supervisor's personal involvement in a constitutional violation. *Id.* The Fourteenth Amendment Due Process Clause protects pretrial detainees from deliberate indifference to serious medical needs. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Plaintiff alleges Director Ortiz and Warden Cirillo were aware of his medical complaints because he wrote complaints and grievances to them and they did not respond. Significantly, Plaintiff does not allege that Director Ortiz or Warden Cirillo are medical providers. Non-medical prison officials may not "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). According to the medical records that Plaintiff attached to his complaint, he was under medical care in the prison. (ECF No. 1-2). When a prisoner is under medical care, he must allege facts showing that non-medical prison officials had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "[S]imple medical malpractice is insufficient

4

to present a constitutional violation." *Durmer*, 991 F.3d at 67 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

11. The exhibits Plaintiff attached to the complaint establish that he complained to medical staff about not receiving daily wound care, and medical staff responded by making appointments or noting that the complaint was resolved. (ECF No. 1-2.) Based on the medical records showing that medical staff responded to Plaintiff's complaints, Plaintiff fails to state a claim that, as non-medical prison officials, Director Ortiz and Warden Cirillo were aware that medical providers were deliberately indifferent to his serious medical needs and did nothing to intervene. These claims will be dismissed without prejudice. Plaintiff may file an amended complaint if he can allege more specific facts to show that Director Ortiz and Warden Cirillo had a reason to believe medical staff were not providing the prescribed medical care.

12. In conclusion, this Court will grant Plaintiff's IFP application and dismiss the complaint for failure to state a claim. Plaintiff may file an amended complaint if he can cure the deficiencies in any claims that have been dismissed without prejudice.

An appropriate order follows.

Dated: July 12, 2022

Hon. Susan D. Wigenton,
United States District Judge