UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEEL HARLEY,<br><br>      Plaintiff,<br><br>v.<br><br>DIRECTOR ORTIZ, et al.,<br><br>      Defendants. | Civil Action No. 22-4385 (SDW-LDW)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about July 6, 2022, Plaintiff Jameel Harley, a pretrial detainee confined in the Essex County Jail, filed a complaint raising civil rights claims pertaining to inadequate medical care that resulted in amputation of his left big toe. (ECF No. 1). On July 12, 2022, this Court granted Plaintiff's IFP application but dismissed his complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. This matter comes before the Court upon Plaintiff's filing of an amended complaint. (ECF No. 4). Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his amended complaint under 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5. The defendants to the amended complaint are Nurse Administrators Paula Sanders and Jill McNamara, Nurse Bagirathi Patel, Director Ortiz of Essex County Jail, Warden Cirillo of Essex County Jail, John Does 1-5, who are "CFG contractors" who supervise medical staff at Essex County Jail, and Jane Does 1-5, who are employed in the Essex County Jail Infirmary. Each defendant is sued in his/her individual and official capacities.[1] Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 for failure to provide adequate medical care and equal protection violations under the Fifth and Fourteenth Amendments. Plaintiff alleges that he is a diabetic who was suffering from a toe wound that required daily wound care. Despite his numerous complaints to Nurse Administrators Paula Sanders and Jill McNamara, they did nothing to make sure Plaintiff was receiving the necessary wound care. On April 2, 2021, Nurse Bagirathi Patel lied by reporting that Plaintiff was tolerating his wound care. Plaintiff alleges he did nothing but complain about having an open wound that caused him severe pain. Plaintiff also seeks to hold Director Ortiz and Warden Cirillo liable for failing to respond to his grievances. Jane Does 1-5 were employed in the infirmary and are alleged to have failed to provide Plaintiff with any care. John Does 1-5 are "CFG contractors" who supervise the medical providers at Essex County Jail. Plaintiff alleges that Defendants' failure to provide daily wound care for his big left toe beginning in April 2021, resulted in amputation of his toe in August 2021.

6. Plaintiff's Fourteenth Amendment due process claims may proceed against Nurse Bagirthi Patel, Nurse Administrators Paula Sanders and Jill McNamara, and Jane Does 1-5, based

---

[1] Although damages are not available against state employees sued in their official capacities, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (quoting *Kentucky v. Graham*, 473 U.S., at 167, n. 14; *Ex parte Young*, 209 U.S. 123, 159–160, (1908)).

on his allegation that they denied or delayed responding to his requests for prescribed daily wound care, resulting in amputation of his big toe.

7. "[V]icarious liability is inapplicable to … § 1983 suits[;] " therefore "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Where a plaintiff brings a claim against a supervisory official "'[t]here are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original).

8. Plaintiff seeks to hold Director Ortiz and Warden Cirillo liable because they failed to respond to his grievances about the medical department. As this Court previously stated, non-medical prison officials may not "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). When a prisoner is under medical care, he must allege facts showing that non-medical prison officials had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

9. The exhibits Plaintiff attached to the amended complaint establish that he complained about not receiving daily wound care, and medical staff responded by making appointments or noting that the complaint was resolved. (ECF No. 4 at 18-30). Therefore, Plaintiff fails to state a

4

claim that, as non-medical prison officials, Director Ortiz and Warden Cirillo were aware that medical providers were deliberately indifferent to his serious medical needs and did nothing to intervene.  These claims will be dismissed without prejudice to permit Plaintiff to amend his claims if he discovers new facts to establish supervisory liability.

10.  Plaintiff alleges that John Does 1-5 are "CFG medical contractors" who are liable as supervisors for the constitutional injuries caused by the medical providers at Essex County Jail. This alleges nothing more than vicarious liability. These claims will be dismissed without prejudice.  Plaintiff may file an amended complaint against the John Doe CFG medical contractors, if he can allege facts establishing their knowledge and acquiescence in the alleged constitutional violation or that his injury was caused by an identified deficiency in a supervisory policy or practice.

11.  Plaintiff alleges violation of this right to equal protection under the law under the Fifth and Fourteenth Amendments.  The Fourteenth, not the Fifth Amendment, is applicable to equal protection claims against state actors.  Plaintiff does not allege discrimination based on a protected characteristic. Therefore, the Court construes his claim under the "class of one" equal protection analysis. To state a "class of one" equal protection violation, a plaintiff must allege "three elements: (1) differential treatment from those similarly situated; (2) done intentionally; and (3) without rational basis for the difference. *Lasche v. New Jersey*, No. 20-2325, 2022 WL 604025, at *6 (3d Cir. Mar. 1, 2022) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)). Plaintiff has failed to allege any of these elements, and his equal protection claim will be dismissed without prejudice.

12.  In conclusion, this Court will proceed Plaintiff's amended complaint in part and dismiss it in part.

An appropriate order follows.

Date: September 12, 2022

Hon. Susan D. Wigenton,
United States District Judge